UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SIALOI, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br>CITY OF SAN DIEGO, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 11-cv-2280-W(BLM)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR CLARIFICATION [DOC. 50]** |

On October 1, 2011, Plaintiffs commenced this civil-rights action against Defendants, which includes the City of San Diego and several police officers, arising from a contact between the officers and Plaintiffs on October 2, 2010. On December 9, 2013, the Court granted in part and denied in part Defendants' motion for summary judgment. Defendants now move for clarification regarding the summary-judgment order. They also append a request for reconsideration to the aforementioned motion. Plaintiffs oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **DENIES** Defendants' motion for clarification.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) states, in pertinent part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed. R. Civ. P. 60(a). Though "[s]ubstantive changes of mind by a court cannot be effected through Rule 60(a) . . . [a] court's failure to memorialize part of its decision . . . is a clerical error." Buchanan v. United States, 755 F. Supp. 319, 324 (D. Or. 1990); see also Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). "Rule 60(a) can be used to conform a judgment to a prior ruling." Id.

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). See Hinton v. Pac. Enter., 5 F.3d 391, 395 (9th Cir. 1993). Defendants invoke Rule 60(b) in their motion.

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir.1994) (citing Ben Sager Chem. Int'l v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007).

//

## II. ANALYSIS

Defendants frame their request for clarification as follows: "the clarification at issue is whether or not the acts arising from the officers [sic] efforts to find a second gun was directly contemplated by the Court as a part of its denial of qualified immunity." (Defs.' Mot. 8:21–9:5.) They explain that "[t]his clarification will aid all parties in preparing for trial." (Id.) Alternatively, Defendants also add that "the clarification of the second gun and the actions related thereto by these officers, may provide an opportunity for this Court to reconsider the denial of qualified immunity for these defendants." (Id.) Plaintiffs respond arguing that Defendants' motion "simply" and "explicitly" repeats arguments presented in the summary-judgment motion, pointing out that the CAD report contained the information regarding the gun in addition to other descriptions about the suspects. (Pls.' Opp'n 3:15–27.) The Court agrees with Plaintiffs.

Defendants attempt to justify qualified immunity based on the officers' search for a second gun, which the evidence unequivocally showed was reported. However, the two guns were not reported in isolation. As Plaintiffs astutely point out, in addition to the report of the two guns, the CAD report also included information that the suspects were two black males, one wearing a brown T-shirt and the other wearing a long-sleeved T-shirt. It appears that what Defendants are attempting to do is justify their conduct based on bits and pieces of information cherry picked from the CAD report. However, the Court's summary-judgment order considered the report describing the the guns and suspects in its entirety. It is not within the Court's authority to do otherwise. See Fed. R. Civ. P. 56(c). In short, questions of fact remain whether the officers' conduct was lawful in light of *all* of the information that the officers had at the time of the incident.

Additionally, Defendants fail to provide any legal authority that permits a court or law enforcement to cherry pick the favorable information contained in certain pieces of evidence to excuse potentially unlawful conduct through the doctrine of qualified

immunity. After reviewing Defendants' summary-judgment motion, Defendants also failed to provide any such legal authority in their summary-judgment motion.

### III.  CONCLUSION & ORDER

Because Defendants fail to demonstrate entitlement to clarification and reconsideration under Rule 60, the Court **DENIES** Defendants' motion for clarification. (Doc. 50.)

**IT IS SO ORDERED.**

DATE: March 3, 2014

_____
HON. THOMAS J. WHELAN
United States District Court
Southern District of California