1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

11   EDWARD SIALOI, et al.,                  Case No.: 11-CV-2280 JLS (KSC)
12                            Plaintiff,     **ORDER ON MOTIONS IN LIMINE**
13   v.
                                             (ECF Nos. 83, 84, 85, 86, 88, 89, 90, 91,
14   CITY OF SAN DIEGO, et al.,              92)
15                            Defendant.
16

17        Presently before the Court are Defendants City of San Diego; Allen Sluss; Bradley
18   Phelps; Joseph Krawczyk; David Rohowits; Anthony Reese; Michael Hall; Edward
19   Kaszycki; Corey Stasch; Miguel Garcia; Michael Hayes; Wade Irwin; Scott Smith; Kelvin
20   Lujan; and John Carroll's (collectively, "Defendants") Motions in Limine.  (ECF Nos. 83,
21   84, 85, 86.)  Also before the Court are Plaintiffs Edward Sialoi; Kelli Sialoi; Sialoi Sialoi,
22   Jr.; September Sialoi; Foleni Sialoi; Gayle Pasi; Lago Sialoi; Liua Sialoi; Hardy Teo
23   Falealili; Tapili Sofa; and minors G.S., T.O.S., T.A.S., T.R.S., and B.F.'s (collectively,
24   "Plaintiffs") Motions in Limine.  (ECF Nos.  88, 89, 90, 91, 92.)  Plaintiffs filed responses
25   in opposition to Defendants' Motions in Limine, (ECF Nos. 104, 105, 106, 107), and
26   Defendants likewise filed responses in opposition to Plaintiffs' Motions in Limine, (ECF
27   Nos. 97, 98, 99, 100, 101).  A hearing was held on October 13, 2016.  Having considered
28   the parties' arguments and the law, the Court **GRANTS IN PART** Defendants' first MIL

(ECF No. 83), **GRANTS IN PART** Defendants' second MIL (ECF No. 84), **GRANTS** Defendants' third MIL (ECF No. 85), **DENIES** Defendants' fourth MIL (ECF No. 86), **GRANTS IN PART** Plaintiffs' first MIL (ECF No. 88), **GRANTS** Plaintiffs' second MIL (ECF No. 89), **GRANTS** Plaintiffs' third MIL (ECF No. 90), **GRANTS** Plaintiffs' fourth MIL (ECF No. 91), and **GRANTS** Plaintiffs' fifth MIL.  The Court reiterates that these rulings may be revised during the trial for good cause.

Defendants' first MIL seeks to exclude Plaintiffs from arguing that the jury should base its verdict on public or community safety—specifically, that a verdict for Plaintiffs will punish and deter the Defendants, thereby making the community safer.  (ECF No. 83.) Defendants additionally seek to preclude Plaintiffs from making a "golden rule" argument—that is, asking the jurors to put themselves in Plaintiffs' position and make a judgment based on that hypothetical reality.  The Court finds that so-called "golden rule" arguments are irrelevant to the actual damages alleged in this case and have a substantial likelihood of unfairly prejudicing the jury because these arguments may encourage the jury to render a verdict based on personal interest and bias rather than on the evidence. However, Plaintiffs and Defendants will be allowed to generally discuss public or community safety because those issues are central to Plaintiffs' § 1983 claims and Defendants' defenses to those claims.  Accordingly, the Court **GRANTS IN PART** Defendants' first MIL (ECF No. 83), thereby precluding both Plaintiffs and Defendants from arguing that the jury should put itself in either party's shoes when making their decision in the case ("golden rule" argument), but will allow both parties to generally discuss public or community safety.

In their second MIL, Defendants ask the Court to exclude evidence of medical expenses in excess of those actually paid by Plaintiffs. (ECF No. 84.)  First, Defendants ask the Court to generally exclude any evidence of, or making reference to, medical expenses in excess of those actually paid by Plaintiffs or their insurance company.  Second, Defendants specifically ask the Court to exclude any evidence of Plaintiff Edward Sialoi's medical expenses for his shoulder injury because while he has produced medical records

(including medical bills) for the injury, he has failed to provide Defendants with the amount he actually paid for the surgery.  As to the first issue, the Court finds that evidence of medical expenses in excess of those actually paid by Plaintiffs is irrelevant to the actual damages Plaintiffs seek, and even Plaintiffs agree  that "under California law only the amount actually paid is admissible," (Pl.'s Opp'n 2, ECF No. 106).  As to the second issue, the Court will allow Plaintiffs to introduce the amount actually paid by Plaintiff Edward Sialoi's health insurer for treatment of his injuries ($18,558.05), which was made available to Defendants on February 24, 2014, (*id.* at 2 (citing Ex. 1)).  Accordingly, the Court **GRANTS IN PART** Defendants' second MIL (ECF No. 84), thereby precluding Plaintiffs from offering evidence or otherwise referring to medical bills in excess of those actually paid for by Plaintiffs or Plaintiffs' insurance, but allowing Plaintiffs to introduce only the amount actually paid by Plaintiff Edward Sialoi's health insurer for treatment of his injuries.

Defendants' third MIL asks the Court to exclude Plaintiffs' expert Jack Smith's opinion that the San Diego Police Department failed to follow the law by neglecting to take a personnel complaint from Plaintiff Junior Sialoi because it is not supported by sufficient facts or data.  (ECF No. 85.)  The Court finds that, regardless of whether Plaintiff Junior Sialoi did in fact attempt to make a complaint to Internal Affairs, this purported fact is irrelevant to any issue in the case (for example, Plaintiffs do not allege a *Monell* claim) and would thus likely confuse the jury.  Moreover, Plaintiffs concede that their "expert Jack Smith will not offer a legal conclusion regarding whether SDPD committed misconduct by not acting on Mr. Sialoi's personnel complaint."  (Pl.'s Opp'n 1, ECF No. 105.)  Accordingly, the Court **GRANTS** Defendants' third MIL (ECF No. 85), thereby precluding Plaintiffs' expert Jack Smith from testifying about the San Diego Police Department's failure to follow the law based on Plaintiff Junior Sialoi's alleged attempt to make a complaint to Internal Affairs.

Defendants' fourth MIL asks the Court to issue an order requiring Plaintiffs to prove punitive damages by clear and convincing evidence because it is the proper standard for

determining punitive damages.  (ECF No. 86.)  However, while California law requires a plaintiff to prove punitive damages by clear and convincing evidence for California state law claims,[1] Defendants present no binding authority stating that Plaintiffs must prove punitive damages for their § 1983 claims by "clear and convincing evidence" as opposed to the general "preponderance of the evidence" standard used for federal claims.[2]  Although the same factual conduct underlies Plaintiffs' state law and federal law claims, the Court finds that the jury will not be confused over different burdens of proof for each damages claim.  Accordingly, the Court **DENIES** Defendants' fourth MIL (ECF No. 86).  As such, Plaintiffs will not be required to prove punitive damages for their § 1983 claims by clear and convincing evidence.

Plaintiffs' first MIL asks the Court to preclude Defendants' expert witnesses from offering legal conclusions on: (1) whether force was excessive or unconstitutional; (2) whether exigent circumstances existed to justify entry of the home; (3) whether the detentions and pat-down searches were constitutional; and (4) whether any of the detentions ripened into an "arrest" within the meaning of the Fourth Amendment.  (ECF No. 88.)  Defendants agree with Plaintiffs that it would be inappropriate for experts to state legal conclusions, such as whether police actions or force were "unconstitutional" or "excessive."  (Def.'s Opp'n 5, ECF No. 97.)  Accordingly the Court **GRANTS IN PART** Plaintiffs' first MIL (ECF No. 88), thereby precluding Defendants' expert witnesses from offering legal opinions, such as whether police actions or force were "unconstitutional" or "excessive," or whether any of the detentions ripened into an "arrest" within the meaning

---

[1] "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294.

[2] *See, e.g.*, *Smith v. City of Oakland*, 538 F. Supp. 2d 1217, 1246 (N.D. Cal. 2008), *aff'd*, 379 F. App'x 647 (9th Cir. 2010) ("First, Plaintiffs did not have to prove by clear and convincing evidence as, Defendants contend, that they were entitled to punitive damages for the federal claims. All they needed to show under federal law was a preponderance of the evidence.").

of the Fourth Amendment.  However, the Court will allow Defendants' expert witnesses to opine generally on whether exigent circumstances existed, as well as whether pat-downs and use of handcuffs were appropriate under the general policies of the police department.

Plaintiffs' second MIL asks this Court to preclude Defendants from introducing evidence or testimony relating to: (1) the fact that Officer Irwin was shot by a gunman several years after the Sialoi incident; (2) other specific instances of violence against police officers that took place elsewhere; and (3) specific instances of gang conduct and police encounters at the apartment complex that were not known to officers on the night of the incident.  (ECF No. 89.)  As to the first issue, Defendants do not oppose this portion of the motion.  (Def.'s Opp'n 3, ECF No. 98.)  As to the second issue, specific incidents of violence that occurred "elsewhere" have little probative value on the state of mind of the officers on the night of the incident "at the apartment complex"; and, in any event, that probative value is substantially outweighed by unfair prejudice to Plaintiffs and may mislead the jury.  As to the third issue, specific instances of gang conduct and police encounters at the complex that "were not known to officers" on the night of the incident obviously have no relevance to their state of mind.  Accordingly, the Court **GRANTS** Plaintiffs' second MIL, thereby precluding Defendants from introducing evidence or testimony regarding any of the specific instances mentioned above.

Plaintiffs' third MIL asks the Court to preclude Defendants from introducing evidence or testimony relating to prior arrests, police contacts, or criminal convictions of any Plaintiff.  (ECF No. 90.)  The Court finds that such evidence is irrelevant to any issue in the case and, even if relevant, is substantially outweighed by unfair prejudice to Plaintiffs, would confuse the issues and mislead the jury, and waste the Court's time. Additionally, such evidence would be inadmissible character evidence under Rule 404. Moreover, Defendants do not oppose this motion to exclude evidence of Plaintiffs' other police contacts and arrests.  (Def.'s Opp'n, ECF No. 99.)  Accordingly, the Court **GRANTS** Plaintiffs' third MIL, thereby precluding Defendants from introducing evidence or testimony relating to prior arrests, police contacts, or criminal convictions of any

Plaintiff.

Plaintiffs' fourth MIL asks the Court to preclude Defendants from introducing into evidence the "findings and conclusions" section of their internal affairs investigation. (ECF No. 91.)   Although Defendants produced the record of their internal affairs investigation during discovery, Defendants redacted the findings and conclusions section. Thus, Defendants are barred from introducing this evidence at trial pursuant to Federal Rule of Civil Procedure 37(c)(1).[3]   Accordingly, the Court **GRANTS** Plaintiffs' fourth MIL (ECF No. 91), thereby precluding Defendants from introducing into evidence the "findings and conclusions" section of their internal affairs investigation.

Plaintiffs' fifth MIL asks this Court to preclude Defendants from introducing evidence or testimony that Plaintiff Foleni Sialoi was (1) the victim of a shooting when he was a teenager in the City of Compton, and (2) terminated from a job he had as a code compliance officer for the City of Compton.  (ECF No. 92.)  The Court finds that such evidence is irrelevant to any issue in the case, and, even if relevant, is substantially outweighed by unfair prejudice to Plaintiffs, would confuse the issues and mislead the jury, and waste the Court's time.  Accordingly, the Court **GRANTS** Plaintiffs' fifth MIL (ECF No. 92), thereby precluding Defendants from introducing evidence or testimony that Plaintiff Foleni Sialoi was (1) the victim of a shooting when he was a teenager, and (2) terminated from a job he had as a code compliance officer for the City of Compton. However, if Plaintiffs introduce any testimony regarding Plaintiff Foleni Sialoi's previous job as a code compliance officer, Defendants will be allowed, on cross-examination, to elicit testimony regarding his termination for purposes of impeaching the witness's character for truthfulness.[4]

---

[3] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

[4] Defendants argue that the "facts surrounding Mr. Sialoi's termination are certainly probative of his character for truthfulness. Mr. Sialoi was terminated for improperly using a city code to rent a car for his

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** Defendants' first MIL (ECF No. 83), **GRANTS IN PART** Defendants' second MIL (ECF No. 84), **GRANTS** Defendants' third MIL (ECF No. 85), **DENIES** Defendants' fourth MIL (ECF No. 86), **GRANTS IN PART** Plaintiffs' first MIL (ECF No. 88), **GRANTS** Plaintiffs' second MIL (ECF No. 89), **GRANTS** Plaintiffs' third MIL (ECF No. 90), **GRANTS** Plaintiffs' fourth MIL (ECF No. 91), and **GRANTS** Plaintiffs' fifth MIL.

**IT IS SO ORDERED.**

Dated:  October 18, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

personal use, *i.e.*, fraud.  If Mr. Sialoi is allowed to represent to the jury that he was a City of Compton Code Compliance Officer, which may bolster the jury's opinion of his credibility, the interests of justice dictate that the jury also hear the circumstances of his termination from that position."  (Def.'s Opp'n 5, ECF No. 101.)